STATE OF MISSOURI, Respondent, v. ROBERT G. CALD-
WELL *et al.*, CHARLES A. GITCHELL, Appellant;
STATE OF MISSOURI, Respondent, v. BENJAMIN
ABRAHAMS *et al.*, GEORGE MURMANN, Appellant;
STATE OF MISSOURI, Respondent, v. LEE QUA
LANG *et al.*, GEORGE HOEFFNER, Appellant; STATE
OF MISSOURI, Respondent, v. GEORGE W. CLIFFORD
*et al.*, GEORGE HOEFFNER, Appellant (No. 5754);
STATE OF MISSOURI, Respondent, v. GEORGE W.
CLIFFORD *et al.*, GEORGE HOEFFNER, Appellant
(No. 5755).

St. Louis Court of Appeals, April 3, 1894.

Jurisdiction, Appellate: CAUSE INVOLVING A CONSTITUTIONAL QUES-
TION. The supreme court has exclusive jurisdiction of an appeal, if a
question involving the construction of the constitution of the state is
properly raised on the record.

*Appeals from St. Louis Criminal Court.*—HON. H. L.
EDMUNDS, Judge.

TRANSFERRED TO THE SUPREME COURT.

*Harvey & Hill* and *Willis H. Clark* for appellants.

*Wm. Zachritz* and *C. O. Bishop* for respondent.

ROMBAUER, P. J.—All of the above cases are
actions by *scire facias* on forfeited recognizances.
Upon the trial of each of them the defendants requested
that the issues therein be tried by a jury, which request
the court overruled, and to this action and ruling the
defendants then and there objected and excepted, and
they still except.

The cause being thereupon tried, the state recovered judgment therein and an appeal was granted to the defendants to this court. The defendants now move that the causes be transferred to the supreme court, for the reason that a constitutional question is involved therein, in this, that the action of the trial court was in violation of section 28 of the bill of rights of this state, which provides that "the right of trial by jury as heretofore enjoyed shall remain inviolate."

The appellants contend that the proceedings by *scire facias* in these cases involve issues of fact, and are for the recovery of money, and hence, are, and always have been, triable by jury; that, therefore, the appellants at the date of the adoption of the constitution enjoyed the right of having them thus tried, it being one heretofore enjoyed. In *Wolff v. Schaeffer*, 4 Mo. App. 371, it was held that a proceeding by *scire facias* on the executor's bond was triable by jury. The supreme court, while omitting to state its own conclusions on that particular question on appeal, held that it was fully and satisfactorily discussed by this court in its opinion. *Wolff v. Schaeffer*, 74 Mo. 158.

It will be thus seen that the question is one which is fairly debatable, and, as it has been properly raised upon the record in the trial court, it is our duty to sustain the defendants' motions, and to transfer the causes to the supreme court as involving the construction of the constitution of this state, a question of which that court has exclusive appellate jurisdiction. So ordered. All the judges concur.